UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOLANDA TAYLOR, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23CV758 HEA |
| ) | |
| CAESARS ENTERETAINMENT ) | |
| OPERATING COMPANY, INC., d/b/a ) | |
| HORSESHOE ST. LOUIS, f/k/a ) | |
| LUMIERE PLACE CASINO, ) | |
| ) | |
|     Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Count IV, [Doc. No. 10]. Plaintiff opposes the Motion. For the reasons set forth below, the motion will be granted.[1]

Facts and Background

Plaintiff claims she was injured at Defendant's casino in August, 2021 when a glass or plexiglass topper fell from a slot machine onto her. Plaintiff sent a preservation letter to Defendant five days after the alleged injury. Six months after

---

[1] "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." Great River Ent., LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1263 (8th Cir. 2023) (quoting GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004)). See also, Dick v. Disc. Auto Parts, LLC, No. 4:23-CV-00494-SEP, 2024 WL 358305, at *1 (E.D. Mo. Jan. 31, 2024)(remanding matter on the Court's own motion.)

the injury and letter, Plaintiff's attorney requested to examine the topper. He was told by Defendant's agent that the topper was gone.

Plaintiff's Petition[2] attempts to allege a separate claim for Intentional Spoliation of Evidence in Count IV. Defendant moves to dismiss this count, arguing spoliation of evidence is not a separate cause of action recognized in Missouri law.

## Standard of Review

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting Iqbal, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are merely consistent with a Defendant's liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted); accord *Edwards*, 58 F.4th at 377 ("[W]here the well-

---

[2] Plaintiff filed suit in the Circuit Court for the City of St. Louis, Missouri. Defendant removed it to this Court based on the Court's diversity of citizenship jurisdiction, hence Plaintiff's initial pleading was a Petition rather than a Complaint.

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id*. (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937)). In deciding whether a complaint satisfies the plausibility test, the Court must "accept 'as true the complaint's factual allegations and grant[ ] all reasonable inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Iqbal*, 556 U.S. at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). With few exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the complaint. See *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." (citations omitted)).

Discussion

Both parties agree that no Missouri court has recognized a separate cause of action for spoliation of evidence. Plaintiff argues, however that the Missouri courts have not done so because the courts have not had the necessary elements before the courts for the claim either because the elements were not alleged or could not be proven in any cases before them. Plaintiff invites this Court to predict that the Missouri courts would recognize a claim for intentional spoliation of evidence under the facts and circumstances of this case.

The Court declines the invitation. The issue is not as "nuanced" as Plaintiff claims. In *Marmaduke v. CBL & Associates Management, Inc.*, 521 S.W.3d 257, 270 (Mo.App. 2017), a case Plaintiff fails to discuss, the Court discussed a separate claim for spoliation:

> Several jurisdictions have recognized a cause of action for the intentional spoliation of evidence, though a greater number of jurisdictions do not. *Pikey,* 203 S.W.3d at 822-23; *Brown*, 856 S.W.2d at 56 (citing John F. Medler, Jr., Spoliation Of Evidence In Civil Cases, 39 St. Louis B.J. 14, 20-21 (1993); Thomas G. Fischer, Intentional Spoliation of Evidence, Interfering with Prospective Civil Action, As Actionable, 70 A.L.R.4th 984 (1989)). Missouri has remained in the majority of states that have not recognized an independent cause of action based on the spoliation of evidence. *Fisher,* 239 S.W.3d at 701; *Pikey,* 203 S.W.3d at 825; *Brown*, 856 S.W.2d at 56-57; *Baugher v. Gates Rubber Co., Inc.*, 863 S.W.2d 905, 907-14 (Mo.App.E.D, 1993). Instead, Missouri has opted to allow the trial court to address the issue by impacting the evidence the jury may hear regarding the subject matter of the spoliated evidence. In doing so, courts have been cautioned to tailor the remedy to the problem, and to "take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms." *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 395 (1st Cir. 1990).

*Marmaduke v. CBL & Assocs. Mgmt., Inc.*, 521 S.W.3d 257, 270 (Mo. Ct. App. 2017).

*Marmaduke* clearly sets out the Missouri law regarding spoliation. With this background of case law, this Court believes it immutable that the Missouri Supreme Court would also conclude that a separate cause of action does not exist for intentional spoliation of evidence. As such, the Court declines Plaintiff's invitation to find otherwise and conclude that a separate cause of action for intentional spoliation does not exist in Missouri. Therefore, such a claim, based on Missouri law, cannot survive in this Court.

## Conclusion

In light of the foregoing analysis, the Court finds Plaintiff's claim for intentional spoliation of evidence inevitably must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count IV is granted.

**IT IS FURTHER ORDERED** that Count IV is dismissed from this action.

Dated this 16th day of February 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE